United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EUGENE HART,
Plaintiff,
v.
GOOGLE LLC, et al.,
Defendants.

Case No. 26-cv-10288-LJC

**ORDER TO SHOW CAUSE WHY IFP APPLICAITON SHOULD NOT BE DENIED AND CASE SHOULD NOT BE DISMISSED**

Re: Dkt. Nos. 1, 2

## I. INTRODUCTION

Plaintiff Eugene Hart Jr., who is proceeding without a lawyer, brings this case against Defendants Google LLC, Lynette Lewis, Chaz Long, Vernon Gains, Duncan Fields, Ronald Clark, and Peter Fields. Hart has applied to proceed in forma pauperis (IFP), meaning that he seeks an order excusing him from paying the filing fee and certain other costs because he cannot afford to pay them. For the reasons discussed below, Hart is ORDERED TO SHOW CAUSE why his IFP application should not be denied and why his case should not be dismissed for lack of federal subject matter jurisdiction. No later than October 13, 2026, Hart must file a response to this Order, a complete IFP application, and/or an amended complaint sufficient to cure the defects identified in this Order.

## II. IFP APPLICATION

Hart's IFP application asserts that he owns or is buying a house, but that he does not know how much the house is worth or the amount of any mortgage. ECF No. 2 at 3. Hart asserts that he has bank accounts with Bank of America and Wells Fargo, but he left blank the space on the form to indicate the balance of those accounts. *Id.* Hart also asserts that he has unspecified "Working assets in System," and that he does not know the amount of his monthly expenses for rent or

utilities. *Id.* Hart indicated that owes money for credit accounts, student loans, and mortgages, but did not say how much. *Id.*

In the absence of answers to those questions and a clearer picture of what if any money or other assets Hart owns, and what recurring expenses he needs to pay, it is not clear whether Hart can afford to pay the filing fee for this case or is qualified to proceed IFP. Hart is therefore ORDERED TO SHOW CAUSE why his IFP application should not be denied, and must file a complete IFP application no later than three weeks from the date of this Order.

## III. SUBJECT MATTER JURISDICTION

Federal courts are courts of limited subject matter jurisdiction, and a plaintiff must provide a sufficient explanation of why this case falls within that jurisdiction. Two of the most common grounds for federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331, which applies to claims "arising under the Constitution, laws, or treaties of the United States," and diversity jurisdiction under 28 U.S.C. § 1332(a), which applies to cases where no defendant is a citizen of the same state as any plaintiff and where the amount in controversy exceeds $75,000. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Here, Hart did not check a box to assert either federal question jurisdiction or diversity jurisdiction in his form Complaint. Compl. (ECF No. 1) at 2, ¶ 3. In the space to identify "[w]hich federal law or right is involved" if asserting federal question jurisdiction, Hart wrote: "No question or No Jurisdiction for case." *Id.* Looking to Hart's allegations, which involve misuse of his Gmail account, there is no indication that he is suing for a violation of any federal law, or that the defendants he has named are all citizens of different states than he is.

In a section to address the separate issue of venue, Hart checked a box indicating that he is "suing the U.S. government, federal agency, or federal official in his or her official capacity." *Id.* at 2, ¶ 4. Suits against the United States or federal officials sometimes also fall within federal courts' subject matter jurisdiction, but Hart has not named the United States as a defendant to this case (or indicated any basis to do so), and none of the defendants he has sued appear from his

Complaint to be federal officials.

Accordingly, Hart is ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction. No later than three weeks from the date of this Order, Hart must file either (1) a response to this Order arguing why his existing Complaint falls within this Court's subject matter jurisdiction; or (2) an amended complaint that falls within this Court's subject matter jurisdiction.

If Hart chooses to file an amended complaint, it will replace the original Complaint. An amended complaint therefore must include all the allegations Hart wishes to present, all of the defendants he wishes to sue, and all of the claims he intends to bring, without relying on or incorporate material from his original complaint by reference. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

## IV. CONCLUSION

Hart must respond to this Order as specified above by October 13, 2026 to establish that he is qualified to proceed IFP and that this case falls within this Court's subject matter jurisdiction. If Hart fails to respond by that deadline, this case may be dismissed for failure to prosecute and failure to follow a court order, in addition to the issues addressed above. Any amended complaint or other response to this Order must include the same case number as this Order (26-cv-10288).

If Hart's IFP application is ultimately granted, Hart's Complaint will require further review under 28 U.S.C. § 1915(e)(2)(B) to determine whether it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Because it is not yet clear whether Hart's IFP application will be granted, however, this Order does not reach those issues.

**IT IS SO ORDERED.**

Dated: September 21, 2026

LISA J. CISNEROS
United States Magistrate Judge